1
2
3
4
5
6                                            *E-FILED - 12/18/08*
7
8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10             SAN JOSE DIVISION
11
12
    UNITED STATES OF AMERICA,
13                                          NO. C-03-20010-RMW
14             Plaintiff,
                                            ORDER REGARDING DEFENDANT'S
15      v.                                  MOTION FOR NEW TRIAL
16   KEVIN DUGAN,
17
               Defendant.
18

19      On November 19, 2007 defendant Kevin Dugan was found guilty by a jury of four of

20 the five charges brought against him.  Specifically, he was found guilty of manufacturing

21 more than 1000 marijuana plants (21 U.S.C. § 841(b)(1)(A)(ii)), possession with intent to

22 distribute more than 1000 marijuana plants (21 U.S.C. § 841(b)(1)(A)(ii)), maintaining a

23 place for the purpose of manufacturing a controlled substance (21 U.S.C. § 856(a)(1)); and

24 being an unlawful user of a controlled substance in possession of a firearm (18 U.S.C. §

25 922(g)(3)).  Dugan was found not guilty of a count charging him with carrying a firearm in

26 furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)).  Since the jury's verdict

27 on November 19, 2007, Dugan has filed a variety of post trial motions.  This order

28 addresses the ones that are still pending.

**THE POST-TRIAL FILINGS**

Dugan has been represented by numerous attorneys at various times during the proceedings against him.  Since the date on which Dugan was found guilty, he has been represented by five different attorneys, all of whom he has now discharged.  The following papers have been filed since Dugan's conviction either by Dugan personally or by counsel he previously retained:

| DATE OF FILING | TITLE OF PAPER AND DOCKET # | FILED BY |
|---|---|---|
| November 26, 2007 | Notice of Motion for New Trial (Docket # 216) | Attorney Furstman |
| December 4, 2007 | Motion to Petition Federal Court for New Trial (Docket # 218) | Defendant |
| January 3, 2007 | Motion to Petition Federal Court for Dismissal of Charges due to Lapse of Time (Docket # 221) | Defendant |
| January 7, 2007 | Motion to Dismiss Indictment due to Unnecessary Delay (Docket # 224) | Defendant |
| January 7, 2007 | Motion to Dismiss Indictment Because Time for Trial Not Set In Accordance with Speedy Trial Rights (Docket # 225) | Defendant |
| January 7, 2007 | Motion to Dismiss Indictment due to Being Generally Deprived of Constitutional Rights to a Speedy Trial (Docket # 226) | Defendant |
| January 7, 2007 | Motion to Dismiss Indictment due to Commencement of Time Period (Docket # 227) | Defendant |
| January 7, 2007 | Motion to Dismiss due to Prejudice to Accused (Docket # 228) | Defendant |
| January 10, 2007 | Motion to Dismiss or Drop Indictment Pursuant to Violation of Right Under Speedy Trial Act (Docket # 230) | Defendant |
| January 10, 2007 | Motion to Dismiss Indictment Pursuant to Violation of Federal Rules of Criminal | Defendant |

| | | |
|---|---|---|
| | Procedure (Docket # 231) | |
| January 10, 2007 | Motion to Dismiss Indictment Pursuant to Criminal Procedure (Docket # 233) | Defendant |
| January 10, 2007 | Motion to Dismiss Indictment in Accordance with Interval Between Dismissal and Refiling (Docket # 234) | Defendant |
| January 10, 2007 | Motion to Dismiss Indictment (Generally) (Docket #235) | Defendant |
| January 10, 2007 | Motion to Dismiss Indictment Indictment Pursuant to Violation of Speedy Trial Act (Docket # 237) | Defendant |
| January 18, 2007 | Supplemental Brief in Support Motion to Dismiss for Violation of Speedy Trial Act (Docket # 240) | Attorneys Furstman and Michael |
| February 19, 2008 | Motion to Reconsider Detention Order (Docket # 248) | Attorney Young |
| August 29, 2008 | Supplemental Memorandum in Support of Defendant's Motion for New Trial (Docket # 286) | Attorney Riordan |
| September 24, 2008 | Supplemental Memorandum in Support of Defendant's Motion for New Trial (Docket # 293) | Defendant |
| September 24, 2008 | Motion to Reconsider Detention Order (Docket # 294) | Defendant |
| October 30, 2008 | Petition for Default Judgment and Estoppel by Silence (Docket # 300) | Defendant |
| October 30, 2008 | Petition for Default Judgment and or Nil Dicit Judgment (Docket # 304) | Defendant |
| November 3, 2008 | Reply Rebuttal to Government's Opposition to Defendant's Motion for New Trial (Docket # 303) | Defendant |
| November 26, 2008 | Motion for Clarification (Docket # 305) | Defendant |
| December 8, 2008 | Crimen Falsi (Docket # 306) | Defendant |

On January 15, 2008 the court entered an order that since Mr. Dugan was represented by counsel all motions had to be filed through counsel and that the court would not recognize motions filed by Dugan himself.  However, since Dugan has now discharged all his counsel and chosen to represent himself, the court has considered Dugan's filings identified as docket numbers 293, 294, 300, 304, 303, 305 and 306 along with the memoranda previously filed by counsel in support of defendant's Motion for New Trial and for dismissal for alleged Speedy Trial Act violations.  The court has also considered the papers filed in opposition by the government.

On February 28, 2008 the court denied Dugan's Motion to Reconsider Detention Order (Docket # 248). On December 8, 2008 the court denied Dugan's second Motion to Reconsider Detention Order (Docket # 307).  The court now issues its order on the defendant's other motions.  Despite the various captions on the papers, they all seek to vacate Dugan's conviction and provide him with a new trial or dismiss the case.

### Timeliness of Motion for New Trial

Federal Rule of Criminal Procedure 33 provides: "Any motion for a new trial grounded on any reason other than newly discovered evidence *must* be filed within 7 days after the verdict or finding of guilty." (Emphasis added). The jury returned its verdict on November 19, 2007.  The only motion filed within the 7 day period was that filed by Attorney Furstman on November 26, 2007.  That timely motion listed the bases on which Dugan was seeking a new trial but provided no points and authorities or supportive brief.  In essence, Dugan asserted that the guilty verdicts were contrary to the evidence presented at trial and to the court's instructions and that the jury's conclusion that there were more than 1000 marijuana plants was not supported by the evidence.  The other motions for a new trial are untimely and the court hereby denies those late filed motions on the separate ground of untimeliness to the extent that they seek relief not included in Dugan's timely filed motion.

### Standard for New Trial

"A motion for a new trial is directed to the discretion of the district judge. It should be

1   granted 'only in exceptional cases in which the evidence preponderates heavily against the

2   verdict.' 2 Wright, Federal Practice and Procedure, Criminal § 553 at 487 (1969)."  *United*

3   *States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981).  However,

> A Motion for Acquittal and a Motion for New Trial based on the ground that
> the verdict is against the great weight of the evidence are governed by very
> different standards. The Motion for New Trial involves a much broader
> standard of review than a Motion for Acquittal. A verdict may well be against
> the great weight of the evidence, but, nevertheless, be substantial enough to
> permit reasonable jurors to draw an inference of guilt. In a Motion for New
> Trial, the trial judge can consider the credibility of the witnesses and the
> weight of the evidence to insure that there is not a miscarriage of justice.

*United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979).  With these standards in

mind, the court will first address the timely raised issues and then will discuss the

substantive questions raised in the time barred motions.

### Timely New Trial Claims

**A.     Dugan's Claim that the Guilty Verdicts Were Contrary to the Evidence
and the Court's Instructions**

The evidence overwhelming supported the verdict on each of the counts on which

the jury found the defendant guilty.  The court suspects that what Attorney Furstman

intended to raise in his motion was a claim that the evidence did not support a finding that

more than 1000 plants were found at Dugan's residence and that the jury could not have

made that finding in light of the court's instruction that a "plant" had to be supported by its

own root system and that a cutting is not a "plant" unless there is readily observable

evidence of root formation (until a cutting develops roots of its own, it is not a plant itself but

a mere piece of some other plant).  The sufficiency of the evidence to support the jury's

finding of more than 1000 plants is discussed below. To the extent the motion may be

attempting to raise an insufficiency of the evidence claim in some other respect, it is

denied.

**B.     Dugan's Claim that There Is Insufficient Evidence to Support a Finding
of More than 1000 Marijuana Plants**

Dugan contends that the evidence that there were more than 1000 marijuana plants

is not supported by the evidence.  Although there was testimony by San Jose Officer

Blanco that there were approximately 1087 plants, the finding of that number depends

1  almost exclusively on the correctness of his count and that all the smaller "plants" he

2  counted had root structures.  Although the evidence justified denial of the defendant's Rule

3  29 motion on the subject, the court finds the evidence so lacking as to justify granting a

4  new trial on the number or sentencing the defendant on the basis that the evidence showed

5  more than 100 and less than 1000 plants.  The evidence beyond any doubt showed more

6  than 100 plants.  Blanco counted 410 on 1 to 2 foot plants and 16 large plants.  Other

7  testimony by those present supported the fact that there were a large number of plants.

8       The reasons that the court concludes that the evidence was insufficient to fairly

9  conclude there were more than 1000 plants include: (1) the lack of photographs of the

10  plants including the smaller ones: (2) Blanco's count was not verified by anyone; (3) the

11  evidence that all the smaller "plants" had root structures was extremely weak; and (4) the

12  evidence was immediately destroyed without documenting any method of verifying the

13  count or that all the "plants" were, in fact, marijuana.  The court does not suggest that

14  Blanco was other than honest in his count.  However, he could have made mistakes in

15  counting, multiplication, identification of root structures and even the type of plant.  As

16  noted, if Blanco determined the number of small "plants" by multiplication of rows and

17  columns, it is odd that the result was 661, a prime number.

18       Since there is no question but that there were more than 100 plants, the government

19  can choose between a new trial on the count or accepting the more than 100 but less than

20  1000 number for sentencing.

21
22  **C.   Dugan's Claim that Count Five Is Void for Vagueness as Not Affording Adequate Notice[1]**

23       Dugan challenges his conviction for a violation of 18 U.S.C. § 922(g)(3) on the basis

24  that the statute is void for vagueness.  The government submits that Dugan's claim is

25  untimely and not a basis for a new trial motion.  The government argues that the claim was

26  waived because it was not made prior to trial.  *See* Fed. R. Crim. P. 12(b)(3)(A).

27  ─────────────

28       [1]   Dugan's claims regarding the unconstitutionality of § 922(g)(3) are not seeking a new trial.  If Dugan's claims have merit, the verdict on § 922(g)(3) count should be reversed and Dugan acquitted on that claim.

ORDER REGARDING DEFENDANT'S MOTION FOR NEW TRIAL
NO.  CR-03-20010-RMW

1  Regardless of the timeliness of the motion, it lacks substantive merit.  When a statute is

2  challenged as unconstitutionally vague in a case not involving the First Amendment, the

3  court does not consider whether the statute is unconstitutional on its face.  Rather, its

4  concern is whether the statute is impermissibly vague in the circumstances of the case.

5  *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). The resolution of this issue turns

6  on whether the language of § 922(g)(3) put Dugan on notice that his conduct was criminal.

7  *See id*.; *United States v. Ocegueda*, 564 F.1363, 1365 (9th Cir. 1977).

8      Dugan's situation is analogous to that of the defendants in *Purdy* and *Ocegueda*

9  who consistently used drugs over a prolonged period of time and contemporaneously

10 possessed or purchased firearms thus putting them on notice that they qualified as

11 "unlawful users."  *See Purdy*, 264 F.3d at 812-813, *Ocegueda*, 564 F.2d at 1365-66.  Here,

12 the evidence supports the finding that Dugan consistently used marijuana over a prolonged

13 period of time contemporaneously with his possession of numerous firearms.  The

14 evidence included former ATF agent Heather Curtis's testimony that Dugan told her he

15 used marijuana daily for a 6-7 year period, the numerous marijuana plants and other

16 related evidence discovered in Dugan's house, Dugan's medical records reflecting frequent

17 use, Dugan's understanding that marijuana use was against federal law and  information

18 contained on papers Dugan filed with the Bureau of Alcohol, Tobacco and Firearms

19 advising that it was unlawful to possess firearms while being an unlawful user.  In

20 summary, the evidence fully supports a finding that Dugan was on notice that he qualified

21 as an unlawful user of drugs and that the statute as applied to Dugan's case is not void for

22 vagueness.

23      **D.    Dugan's Claim that Count Five Violates the Second Amendment**

24      Dugan claims that the recent Supreme Court decision in *District of Columbia v.*

25 *Heller*, 128 S.Ct. 2783 (2008) supports his contention that § 922(g)(3) violates the Second

26 Amendment.  *Heller* post-dates Dugan's conviction and holds that certain statutes banning

27 handgun possession in the home violate the Second Amendment.  Dugan contends that

28 *Heller's* rationale applies to § 922(g)(3).  The court disagrees.  No case has so held.

ORDER REGARDING DEFENDANT'S MOTION FOR NEW TRIAL
NO.  CR-03-20010-RMW

1   Further, *Heller* specifically pointed out:

2          Like most rights, the right secured by the Second Amendment is not
3   unlimited. . . . Although we do not undertake an exhaustive historical analysis
    today of the full scope of the Second Amendment, nothing in our opinion
    should be taken to cast doubt on longstanding prohibitions on the possession
4   of firearms by felons and the mentally ill, or laws forbidding the carrying of
    firearms in sensitive places such as schools and government buildings, or
5   laws imposing conditions and qualifications on the commercial sale of arms.

6   *Id.* at 2816-7.  Section 922(g)(3) is a similar prohibition to those listed by the Supreme

7   Court and has previously withstood a Second Amendment challenge. *United States v.*

8   *Patterson*, 431 F.3d 832 (5th Cir. 2005).  Dugan's motion based upon an alleged violation

9   of the Second Amendment is denied.

10                          **Untimely New Trial Claims**

11  **A.    Dugan's Claim that the Government's Expert Witness Violated Federal
            Rule of Evidence 704(b)**

12
            Dugan claims that Agent Matthew Rammes violated Rule 704(b) which prohibits an
13
    expert from stating an opinion or inference as to whether the defendant did or did not have
14
    the mental state or condition constituting an element of the crime charged.  Dugan
15
    complains that Rammes gave the following testimony:
16

17  Q.     Do you have an opinion as to whether the defendant maintained his
           residence at Ebbeson Street for the purpose of manufacturing and
18         distributing marijuana?

19  A.     I do.

20  Q.     And what is that opinion?

21  A.     I also believe that the defendant maintained his residence for the
           purpose of cultivating marijuana.
22
23  Q.     Do you have an opinion as to whether the defendant possessed, with
           an intent to distribute, marijuana?

24  A.     I do.

25  Q.     What is your opinion as to that subject?

26  A.     I also believe that the defendant possessed his marijuana with the
           intention of distributing it.
27
    Tr. 408-09.
28
            Counsel made no contemporaneous objection to the questions.  The testimony was

ORDER REGARDING DEFENDANT'S MOTION FOR NEW TRIAL
NO.  CR-03-20010-RMW

given in the context of modus operandi testimony which is permissible.  *See United States*

*v, Gonzales*, 307 F.3d 906 (9th Cir. 2002).  Although the questions here were improperly

phrased, they were most likely interpreted as indicating that a person in the circumstances

in the case would have maintained the marijuana for the purposes of manufacturing and

distribution.  Defense counsel may have not objected for strategic reasons.  In addition, the

evidence other than Rammes's testimony overwhelmingly suggested Dugan's intentional

cultivation and distribution.  Therefore, any inadmissible opinion testimony was harmless.

**B.     Dugan's Claim that the Government's Expert Witness Violated Federal Rule of Evidence 702**

Dugan claims that Agent Matthew Rammes violated Rule 702 when he

testified that a marijuana plant "that's five inches tall must have some sort of root structure

for it to continue growth."  Tr. 531.  Dugan claims that Rammes had no foundation for such

testimony.  Admittedly, Rammes's foundation for such testimony was weak.  His foundation

came from his experience in marijuana investigations, training courses and talking with

others but nothing suggested that any of this background would have dealt with

distinguishing plants with root structures from cuttings which had not yet developed roots.

However, it was Dugan who on cross-examination asked the question of how Rammes

could know whether roots had been formed and counsel made no objection to the answer

or sought to have it stricken.  Any objection was waived.

**C.     Dugan's Claim that the Instruction on the 21 U.S.C. § 856 Violation Was Inadequate**

Dugan claims that the court's instruction on the count that charged Dugan with

maintaining a place for the purpose of manufacturing drugs under 21 U.S.C. § 856 was

inadequate because it failed to require that Dugan's *primary purpose* in maintaining the

place was drug dealing or manufacturing. The court's instruction tracked the language of

the statute.  Further, the instruction given is consistent with Ninth Circuit law.  In *United*

*States v. Basinger*, 60 F.3d 1400, 1404 (9th Cir. 1995), the court held as to the § 856 count

that the government had to prove that Basinger "(1) knowingly (2) opened or maintained a

place (3) for the purpose of manufacturing, distributing, or using methamphetamine."

ORDER REGARDING DEFENDANT'S MOTION FOR NEW TRIAL
NO.  CR-03-20010-RMW

1    Dugan's reliance on *United States v. Verners*, 53 F.3d 291, 296 (10th Cir. 1995) for

2    the proposition that Dugan's "primary purpose" had to be the manufacturing or the dealing

3    in marijuana is misplaced.  In *Verners* the court held that the primary purpose of the

4    defendant's mother in maintaining her house was as a home for herself and her daughters.

5    There was no evidence that she used her son's bedroom or managed or supervised her

6    son's drug business.  Therefore, she could not be found guilty under § 856 because "it is

7    fair to say, at least in the residential context, that the manufacture (or distribution or use) of

8    drugs must be at least one of the primary or principal uses to which the house is put." *Id.*

9    Nevertheless, the court observed that "[w]here the defendant lives in the house, [the

10   maintenance] element is normally easily proved."  *Id.*  In Dugan's case, there is no question

11   but that Dugan controlled the residence and knew what was going on in the property.  The

12   instruction given by the court was in compliance with the law, and even if the court should

13   have instructed that in order for Mr. Dugan to be found guilty, the Government had to prove

14   that he knowingly maintained a place with one of the "primary purposes" being to plan,

15   grow, harvest or distribute marijuana, the omission was harmless.  The evidence was

16   overwhelming that Dugan controlled the house and what went on in it.

17        **D.    Alleged Perjury**

18        Dugan has submitted a detailed summary of testimony he believes was

19   contradictory and constituted perjury.  He accuses government counsel of misconduct and

20   has orally blamed his attorneys for failing to pursue his perjury claims and asserts that they

21   were ineffective.  He questions the honesty of testimony concerning, among other thiings,

22   comments made during the search of his residence, the reasons the officers came to his

23   house, whether the alleged marijuana plants were in dirt, how the plants were counted and

24   the time of his arrest.  He also complains that there was mention of a conversation with his

25   wife in light of an earlier stipulation not to do so.  Dugan points out alleged inconsistencies

26   in testimony and attributes them to perjury.

27        The court finds no basis for a new trial based upon Dugan's allegations of perjury or

28   ineffective assistance of counsel.  The inconsistencies he alleges are based upon evidence

1  available at trial and useable in cross-examination.  There is no evidence that justifies a

2  finding of perjury.  Many of the alleged inconsistencies are not material to a critical issue in

3  the case.  The allegedly barred testimony about a conversation with his wife was curtailed

4  and harmless.  No inadequacy of counsel claim has been effectively raised.  Further,

5  inadequacy of counsel is more appropriately raised in a motion under 28 U.S.C. § 2255.

6  **Alleged Speedy Trial Act Violation**

7  Dugan claims that his case was not brought to trial within the requirements of the

8  Speedy Trial Act.  Although there was considerable delay, much was caused by the

9  defense.  A close examination of the transcript reflects that Dugan engaged in

10  gamesmanship which resulted in much of the delay.  In any event, the government's

11  Speedy Trial Act computation (docket # 263 filed March 10, 2008) shows that Dugan's

12  rights under the act were not violated even if the originally assigned trial judge had no

13  power to exclude time once he announced he was going to recuse himself.  Dugan's

14  motion for a violation fo the Speedy Trial Act is denied.

15  **Order**

16  Dugan's new trial motions are denied except on the issue of the number of

17  marijuana plants.  As to that issue, the motion is granted.  The government may elect to

18  retry the issue as to the number of plants or agree that Dugan will be sentenced for having

19  more than 100 and less than 1000 plants.  All other motions including the motion to dismiss

20  for violation of the Speedy Trial Act are denied.

21

22  Dated:   12/17/08

23

24  RONALD M. WHYTE
    United States District Judge

25

26

27

28

ORDER REGARDING DEFENDANT'S MOTION FOR NEW TRIAL
NO.  CR-03-20010-RMW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Copy of Order E-Filed to Counsel of Record:

Hand-Delivered to Defendant on 12/18/08.