**E FILED ON__11/26/2014____**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN DUGAN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　　Respondent. | NO. CR-03-20010-RMW<br><br>ORDER DENYING MOTION TO VACATE PURSUANT TO § 2255; DENYING CERTIFICATE OF APPEALABILITY<br><br>[Docket Nos. 436,<br>447-450,452 and 466] |

On February 11, 2013 Kevin Dugan filed a *pro se* motion pursuant to 28 U.S.C. § 2255 seeking to set aside his conviction and sentence for various drug related offenses. This order considers that motion and its various supplements and finds them without merit. Therefore, Dugan's request for relief under § 2255 is denied. The court has also determined that grounds for a certificate of appealability are not met and, therefore, one will not be issued.

### Background

On November 19, 2007 Dugan was found guilty by a jury of four of the five charges brought against him. Specifically, he was found guilty of manufacturing more than 1000 marijuana plants (21 U.S.C. § 841(b)(1)(A)(ii)), possession with intent to distribute more

than 1000 marijuana plants (21 U.S.C. § 841(b)(1)(A)(ii)), maintaining a place for the purpose of manufacturing a controlled substance (21 U.S.C. § 856(a)(1)); and being an unlawful user of a controlled substance in possession of a firearm (18 U.S.C. § 922(g)(3)). Dugan was found not guilty of a count charging him with carrying a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)).  In an order filed on December 18, 2008, the court denied Dugan's various motions for a new trial but did sustain the defense's challenge to the jury verdict that he had possessed with an intent to distribute over 1000 marijuana plants, but found that the evidence sustained without question a finding that he possessed more than 100 plants with intent to distribute.  Dugan was sentenced on December 22, 2008 to 96 months of confinement.

Dugan appealed his sentence which was affirmed on September 20, 2011. The Ninth Circuit issued a published opinion rejecting defendant's Second Amendment challenges to his 18 U.S.C. § 922(g)(3) conviction. *United States v. Dugan*, 657 F.3d 998 (9th Cir. 2011). The Ninth Circuit concurrently filed a separate unpublished memorandum disposition rejecting defendant's other challenges to his conviction. *United States v. Dugan*, 450 F. App'x. 633 (9th Cir. 2011).

**Motion to Set Aside Conviction and Sentence Pursuant to 28 U.S.C. § 2255**

Since the jury's verdict on November 19, 2007, Dugan has filed an extraordinary number of post trial papers.  This order addresses the papers that relate to his request to set aside his conviction and sentence pursuant to § 2255.  These would appear to include his:

1.  Motion Under § 2255 to Vacate, Set Aside, Correct Sentence (81 pages)(docket # 436);

2.  "Supplimental (*sic*) Memorandum to Petitioners § 2255 Motion Part 1, and Part 2" (127 pages) (docket # 447);

3.  "Motoin (*sic*) for Reconsideration of Rule 60 Motion (B) & (D) Or In The Alternative A Request For Determination And Certification Under 54 (b) and C.O.A." (6 pages) (docket # 448);

4.  "Motion Under Rule 60 (b)(1,2,3, & 4) & (d)(3) & Rule 12 (b)(3)(b) &

Subject Matter Jurisdiction; Requesting Relief from a Final Judgment" (docket

# 449) (212 pages);

5.  "Motion to Recharacterize Previous Filed Motion filed May 23, 2013 under

Rule 60 Reconsideration, to a Suppliment (*sic*) #2 to Petitioner's Pending

2255 Motion-"Second Supplimental (*sic*) to 2255" (1 page) (docket # 450);

6.  "First Supplimental (*sic*) to 2255 Motion-Table of Authorities" (5 pages)

(docket # 451); and

7.  various exhibits (118 pages) (docket # 466).

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings the court required

the United States Attorney to file an answer to the original petition filed on February 11,

2013. The court has not requested an answer to any subsequent filing because it is clear

that Dugan is not entitled to relief. *See id.* at 4(b).

**Analysis of Issues Raised**

**A.  Introduction and General Observation**

Dugan's claims are set forth in voluminous pleadings touching on many subjects.

They are, in many cases, procedurally barred, repetitive, not clearly stated, or frivolous. His

papers relating to his current petition total over 500 pages in length. As a general rule, §

2255 is not intended as a substitute for direct appeal, and it may not be "invoked to re-

litigate questions which were or should have been raised on direct appeal from a judgment

of conviction." *United States v. Marchese*, 341 F.2d 782, 789 (9th Cir. 1965). Claims not

raised on direct appeal may not be raised on collateral review "unless the petitioner shows

cause and prejudice," *Massaro v. United States*, 538 U.S. 500, 504 (2003), or that he is

"actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "Attorney error short of

ineffective assistance of counsel. . . does not constitute cause and will not excuse a

procedural default." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Dugan has not shown

cause and prejudice or actual innocence which would allow him to raise on collateral review

claims not raised on direct appeal. The court will first address what appear to be the claims

1    he asserts in his 80 page original petition (docket # 436).  The court will then examine any

2    additional claims he sets forth that are not repetitive of claims raised in his original petition.

3        **B.  Specific Claims Filed in Original § 2255 Motion**

4            **1.  "Speedy Trial Act Violation"[1]**

5        Dugan asserts that his Speedy Trial Act rights were violated (Motion, docket # 436

6    pp. 5-6). His arguments supporting this claim are without merit for several reasons.  First,

7    the Ninth Circuit has already held that "[d]efendant waived his Speedy Trial Act claim by

8    failing to move to dismiss the indictment on that ground prior to trial." *Dugan*, 450 F. App'x.

9    at 634-35 (9th Cir. 2011) (citing Speedy Trial Act provision 18 U.S.C. §3162(a)(2), which

10   provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea

11   of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this

12   section."); *see Zedner v. United States*, 547 U.S. 489 (2006); *United States v. Tanh Huu*

13   *Lam*, 251 F.3d 852, 860-61 (9th Cir. 2001) (finding that defendant waived his right to claim

14   a violation of the Act because he failed to file a motion to dismiss until after his trial, even

15   though, pre-trial, he had on numerous occasions asked the district court for a speedy trial);

16   *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir. 1997) (recognizing that "[d]efense

17   counsel may not simultaneously use the Act as a sword and a shield" and thus refusing to

18   "sanction the use of the Speedy Trial Act as a sandbag") (internal quotations and citations

19   omitted).

20       Second, there was no Speedy Trial Act violation in this case since 70 countable days

21   had not elapsed under the Speedy Trial clock prior to defendant's trial. During post-trial

22   litigation in district court, the Government provided the district court with a documented

23   accounting that between defendant's arraignment on the original indictment in February 20,

24   2003 and the commencement of jury selection in his trial on October 30, 2007, only five

25   days ran off from the Speedy Trial Act calendar–the five day period between defendant's

26   arraignment on February 20, 2003 and his initial appearance before the district court on

27   February 25, 2003. Revised Speedy Trial Act Calculation, docket #  263. The district court

28

---

[1]The court uses Dugan's heading for each of the grounds he asserts.

1   later specifically referenced that filing when it denied defendant's new trial motions, noting

2   that "the government's Speedy Trial Act computation (docket # 263 filed March 10, 2008)

3   shows that Dugan's rights under the [Speedy Trial] act were not violated." Order Regarding

4   Defendant's Motion for New Trial, docket # 311 p. 11.

5       Third, Dugan was responsible for most of the pre-trial delays. An examination of the

6   transcript reflects that Dugan engaged in gamesmanship which resulted in much of the

7   delay. This record shows this gamesmanship included, but was not limited to, repeated

8   changes in counsel (which now totals 13 defense counsel as well as defendant periodically

9   representing himself *pro se*), numerous requests for continuances (followed by claims that

10  those very continuances violated his Speedy Trial rights), as well as delays in the

11  proceedings.

12                          **2. "6th Amendment right to a speedy trial"**

13      Dugan did not raise on direct appeal a Sixth Amendment Speedy Trial

14  claim but does so in his current motion (Motion, docket # 436 pp. 5-7). However, his Sixth

15  Amendment claim is procedurally barred and cannot be raised on collateral review given

16  that he has not made a showing of cause and prejudice or actual innocence. *Massaro*, 538

17  U.S. at 504; *Marchese*, 341 F.2d at 789. Furthermore, defendant's Sixth Amendment

18  Speedy Trial rights were not violated.

19      The Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), adopted a

20  four-part balancing test to determine whether a series of continuances infringed upon the

21  defendant's right to a speedy trial. The test assessed the "[l]ength of delay, the reason for

22  the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*

23  (footnote omitted).

24      As a general matter, the Sixth Amendment's guarantee of a Speedy Trial and the

25  Speedy Trial Act requirements are separate inquiries. "No provision of [the Speedy Trial

26  Act] shall be interpreted as a bar to any claim of denial of speedy trial as required by

27  Amendment VI of the Constitution." 18 U.S.C. § 3173. However, compliance with the

28  Speedy Trial Act suggests that the Sixth Amendment has not been violated. The Ninth

1   Circuit has observed that "it will be an unusual case in which the time limits of the Speedy

2   Trial Act have been met but the Sixth Amendment right to speedy trial has been violated."

3   *See United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982); *United States v. Baker*, 63

4   F.3d 1478, 1496-97 (9th Cir. 1995).

5       Even if the length of pre-trial delay in this case were sufficient to trigger a potential

6   Sixth Amendment violation, consideration of the remaining three factors set forth in *Barker*

7   show that there was no Sixth Amendment violation.  Much of the delay resulted from

8   Dugan's gamesmanship.  *See* Order Regarding Defendant's Motion for New Trial, docket #

9   311 p. 11. Given that defendant was the primary reason for the delays in his case, he

10  should not now be allowed to prevail on a Sixth Amendment claims based on those very

11  delays. *See United States v. Baker*, 10 F.3d 1374, 1401 (9th Cir. 1993) (noting in rejecting

12  Sixth Amendment claim that "Indeed, Appellants were responsible for much of the delay.")

13  Dugan has not demonstrated that the Government was responsible for any inappropriate

14  delays in the case and he was responsible for most of them. *See Barker*, 407 U.S. at 531

15  fn. 31.

16      The third factor under *Barker* depends on whether and how a defendant has

17  previously asserted his right to a Speedy Trial, and the Supreme Court in *Barker*

18  "emphasize[d] that failure to assert the right will make it difficult for a defendant to prove

19  that he was denied a speedy trial." *See Barker*, 407 U.S. at 531 n. 31. Here, defendant's

20  failure to assert his Sixth Amendment Speedy Trial claims either before trial or on direct

21  appeal undermines his claim.

22      Finally, defendant fails to show any meaningful prejudice, such as impairment of

23  defenses, resulting from the delay. *See Barker*, 407 U.S. at 532; *Baker*, 63 F.3d at 1497.

24  To the contrary, defendant was responsible for most the delays in the case, many of which

25  he justified as helping, not impairing, his defense. Defendant was not prejudiced by

26  extended incarceration, as he was not detained until after his conviction at trial. The

27  failure to present evidence of actual prejudice weighs heavily in favor of the Government.

28  *See Baker*, 10 F.3d at 1401; *United States v. Holm*, 550 F.2d 568, 569 (9th Cir. 1977).

1  There was no Sixth Amendment violation here.

2  **3. "I.A.C."**

3  **a.  Standard for Ineffective Assistance of Counsel**

4  Dugan asserts that both his trial and appellate counsel were ineffective on a number

5  of bases. Motion, docket # 436 p.10.[2] In order to sustain a claim of ineffective assistance of

6  trial counsel, a defendant must show that his defense counsel's performance was

7  "objectively unreasonable." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Defendant

8  has the burden of showing that (1) his defense counsel's performance was deficient, and

9  that (2) this deficient performance prejudiced his defense and deprived him of a fair trial. *Id.*

10  at 687; *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003).

11  Claims of ineffective assistance of appellate counsel are also reviewed

12  according to the *Strickland* standard. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th

13  Cir. 1989). Defendant must show that appellate counsel's performance fell below an

14  objective standard of reasonableness, *Strickland*, 466 U.S. at 688, and "that there is a

15  reasonable probability that, but for counsel's unprofessional errors, defendant would have

16  prevailed on appeal," *Miller*, 882 F.2d at 689.

17  **b.  "Trial Counsel's failure to move for Dismissal of all Charges**

18  **Prior to Trial for Violations of the Speedy Trial Act"**

19  Defendant asserts that his trial counsel was ineffective because he did not move to

20  dismiss all charges prior to trial for violations of the Speedy Trial Act. Defendant's claim

21  does not meet either requirement of the *Strickland* standard necessary to show for

22  ineffective assistance. First, defendant has not met his burden of proving that it was

23  objectively unreasonable for trial counsel to not move to dismiss on Speedy Trial Act

24  grounds given, among other reasons, that (1) 70 unexcluded days had not run off the

25  Speedy Trial Act Clock; and (2) the defendant's gamesmanship was responsible for a

26  substantial part of the delays.

27

28  [2]Dugan makes various ineffective assistance of counsel in various sections of his
Motion.

1   Defendant has also failed to show prejudice.  *See Strickland*, 466 U.S. at 692. To

2   prove prejudice, defendant must show that there is a reasonable probability that, but for

3   counsel's errors and omissions, the result of the proceeding would have been different. *Id.*

4   at 694. A reasonable probability is a probability sufficient to undermine confidence in the

5   outcome. *Id.; see also United States v. Spa*, 75 F.3d 1383, 1387 (9th Cir. 1996). Here, if

6   trial counsel had filed such a motion it would not have succeeded for the reasons stated

7   above.  Defendant's ineffective assistance claims based upon the failure to move to

8   dismiss based upon the violation of Speedy Trial Act is denied.

9   ### c.  "Vindictive Prosecution"

10   Dugan claims his trial counsel was ineffective for failure to make two motions to

11   dismiss based upon vindictive prosecution: "Vindictive Superceding indictment" and

12   "Prosecution after former jeopardy, in violation of Double Jeopardy, protected by the Fifth

13   Amendment."  Dugan claims that the superseding indictment was filed as a consequence of

14   his raising speedy trial concerns. Motion, docket # 436, p. 9.

15   A prosecutor violates due process when he seeks additional charges solely to

16   punish a defendant for exercising a constitutional or statutory right. *See Bordenkircher v.*

17   *Hayes*, 434 U.S. 357, 363 (1978). A defendant may establish vindictive prosecution

18   either "by producing direct evidence of the prosecutor's punitive motivation . . . ," *United*

19   *States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007), or showing that the circumstances

20   establish a reasonable likelihood of vindictiveness thus raising a presumption of

21   vindictiveness,  *United States v. Goodwin*, 475 U.S. 368 (1985).

22   The Ninth Circuit has held that, in the context of pretrial plea negotiations,

23   "vindictiveness will not be presumed simply from the fact that a more severe charge

24   followed on, or even resulted from, the defendant's exercise of a right." *United States v.*

25   *Gamez-Ordaeo*, 235 F.3d 453, 462 (9th Cir. 2000); *see United States v.*

26   *Hernandez-Herrera*, 273 1213, 1217 (9th Cir. 2001) ("[V]indictiveness will not be

27   presumed simply from the fact that a more severe charge followed, or even resulted from

28   the defendant's exercise of a right.").

1    In the present case, defendant has completely failed to meet his burden under

2  *Bordenkircher* of showing that the Government obtained a superseding indictment solely

3  to punish him for exercising a constitutional or statutory right or for an otherwise

4  improper motive. Defendant provides no facts or arguments which support his

5  allegations that the May 2006 superseding indictment against him "occurred as a result of

6  Petitioner raising Speedy Trial Concerns" or "was a result of Petitioner's exercise of his

7  constitutional rights." Motion, docket # 436 p. 9. Defendant shows neither direct evidence of

8  an improper motive by the prosecutor, nor does he present any circumstances establishing

9  "a reasonable likelihood of vindictiveness." Therefore, the court denies his claim of

10  vindictive prosecution and his claim that counsel was ineffective for failure to raise the

11  claim. The claim of vindictive prosecution is also procedurally barred as it should have been

12  raised on appeal.

13    Dugan in addition claims vindictive prosecution because "[t]he forfeiture of

14  Petitioner's federal firearms license was punishment and "constitutes jeopardy by a federal

15  agency, the ATF." (Motion, docket # 436 p. 9).  The failure of trial and appellate counsel to

16  raise this double jeopardy claim is without merit because Dugan has no colorable double

17  jeopardy claim.  *See* B.4 *below.*

18    Dugan's claim of ineffective counsel based upon his counsels' failure to argue

19  viindictive prosecution lacks merit.  There was no evidence to support such a claim.

20                 **4. "Double Jeopardy (*sic)* as to bar conviction"**

21    Defendant claims that the prior civil forfeiture of his federal firearms license put him

22  in jeopardy and thus the instant prosecution constituted his placement in double jeopardy.

23  Motion, docket # 436 p. 11-12.  This claim is procedurally barred since it was not made on

24  direct appeal.  Nevertheless, the Supreme Court has held that civil forfeitures generally "do

25  not constitute 'punishment' for purposes of the Double Jeopardy Clause." *United States v.*

26  *Ursery*, 518 U.S. 267, 271 (1996). Generally, "Congress may impose both a criminal and a

27  civil sanction in respect to the same act or omission." *Helvering v. Mitchell*, 303 U.S.391,

28  399 (1938). Therefore, "Unless the forfeiture sanction was intended as punishment, so that

1   the proceeding is essentially criminal in character, the Double Jeopardy Clause is not

2   applicable." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984)

3   (holding that forfeiture of firearms under the Gun Control Act was civil in nature).  Dugan

4   has made no showing that the civil forfeiture of his license was criminal in nature.

5   Therefore, his double jeopardy claim fails.

6          **5.  "Failier (*sic*) to raise arguement (*sic*) of Multiplicitous charges"**

7          Defendant claims that three counts against him were multiplicitous and punish the

8   same conduct. Motion, docket # 436 pp. 13-16. This claim fails for several reasons. First,

9   the objection was not brought on direct appeal, and so has been defaulted procedurally,

10  without adequate cause and prejudice to excuse the default. Second, because each of the

11  counts against defendant required proof of a different factual element, the charges were not

12  multiplicitous. Finally, defendant has failed to meet his burden of showing he received

13  ineffective assistance of counsel regarding this topic.

14         The general rule is that a defendant may be punished separately under two different

15  statutory provisions so long as "each provision requires proof of an additional fact which the

16  other does not."  *Blockburger v. United States*, 284 U.S. 304 (1932). The defendant

17  challenges his conviction for manufacturing of a controlled substance under 21 U.S.C. §

18  841(a)(1)(A)(iii), possession of a controlled substance with intent to distribute under 21

19  U.S.C. § 841(a)(1)(A)(ii) and maintaining drug-involved premises under 21 U.S.C §

20  856(a)(1). Each of those charges has at least one unique factual element and is

21  therefore not duplicative punishment under the *Blockburger* test.  The distinct factual

22  element of § 856(a)(1) is the requirement that the defendant "knowingly. . . use, or maintain

23  any place, whether permanently or temporarily, for the purpose of manufacturing. . . any

24  controlled substance." 21 U.S.C. § 856. Neither of the charges under § 841(a) have a

25  similar requirement to "maintain [a] place."  *See United States v. Church*, 970 F.2d 401,

26  407 (7th Cir. 1992).  Similarly, manufacture and possession with intent to distribute each

27  have a distinct factual element. The manufacturing charge requires no proof of intent to

28  distribute, and the possession charge has no "place" or "manufacturing" requirement. The

1  Ninth Circuit has not ruled on the question directly, but "Courts have uniformly held that

2  manufacture and possession with intent to distribute are distinct offenses for which different

3  facts must be proven." *See United States v. Zamora*, 784 F.2d 1025, 1029 (10th Cir. 1986).

4  Since each of the counts on which defendant was convicted has an independent factual

5  element, they are not multiplicitous.

6       Within his multiplicity claims, defendant asserts ineffective assistance of

7  counsel.  Since the counts were not multiplicious, defendant has no claim that his counsel

8  was ineffective for not raising it.

9       **6.  "Impermissible general verdict"**

10      Defendant claims that his convictions for violation of 18 U.S.C. § 922(g)(3) and

11  21 U.S.C. § 856(a)(1) are invalid because they result from the use of a general verdict.

12  Motion, # 436, pp. 16-18. The challenge, however, is procedurally barred. Although the

13  court has found no Ninth Circuit case involving a collateral attack on the use of a general

14  verdict form, it seems that a defendant should be allowed to assert such a collateral claim

15  only if he or she can meet the "cause and prejudice standard."  *See United States v. Frady*,

16  456 U.S. 152, 167-168 (1982). Here, defendant fails to make a showing of "cause and

17  prejudice" or actual innocence which could excuse his procedural default. Defendant's

18  objection to the use of general verdict is, therefore, procedurally barred and does not entitle

19  him to relief. However, even if one treats Dugan's claim as not procedurally barred, the  use

20  of a general verdict in this case was proper and the conviction supported by the evidence.

21      Defendant asserts that his conviction under § 922(g)(3) allows for punishment of a

22  person in possession of a firearm who is "an unlawful user of or addicted to any controlled

23  substance (as defined in section 802 of the Controlled Substances Act (21 U.S.C §802))."

24  18 U.S.C § 922. Dugan asserts that since only a general verdict was returned, it is

25  impossible to tell whether the jury found him guilty because he was "addicted to" marijuana

26  or because he was "an unlawful user." He also asserts that the evidence did not establish

27  that he was an "unlawful user" and that he could not be "addicted to marijuana" under the

28  law.

1    The jurors were instructed that they could convict Dugan if they found that he was

2    either "addicted to" or "an unlawful user of" marijuana. *See* Jury Instructions, docket # 211

3    p. 23. This was proper.

4        Dugan says his § 956(a)(1) conviction cannot stand since the general verdict does

5    not show whether the jury unanimously found that he maintained his residence for the

6    purpose of manufacturing, distributing, or using marijuana.  He also claims that there was

7    no evidence of distribution or use and that the manufacturing prong was not satisfied by an

8    isolated instance of manufacturing.

9        With respect to his § 922(g)(3) conviction, defendant argues that the "unlawful user"

10   ground was insufficient because he provided a doctor's prescription and because

11   "prolonged use was not apparent from the evidence." Motion, docket # 436 p. 17.

12       The evidence was more than sufficient to establish that Dugan was an "unlawful

13   user."  It included the evidence that he grew marijuana and used it regularly over an

14   extended period of time. *See Dugan,* 657 F.3d at 998; *Dugan*, 450 F. App'x. at 636.

15       Dugan also argues that the "addicted to" ground in the instruction was insufficient as

16   a matter of law because marijuana is only defined as a controlled substance and not as a

17   "narcotic drug" under 21 U.S.C § 802, therefore, he cannot have been "addicted to"

18   marijuana for the purpose of 18 U.S.C. § 922. Motion, docket # 436 p. 18. Defendant's

19   argument rests on the faulty assumption that since the term "addict" as used in 21 U.S.C. §

20   802 refers to individuals who habitually use "any narcotic drug," the words "addicted to" as

21   it is used in 18 U.S.C. § 922(g)(3) covers only individuals who use narcotic drugs.

22   However, Dugan ignores the fact that § 922(g)(3) explicitly extends to persons who are

23   addicted to "any controlled substance." 18 U.S.C. § 922. "Narcotic drugs" are only a subset

24   of "controlled substances," and so imputing Title 21's definition of "addict" to § 922's phrase

25   "addicted to" would conflict with Congress' clear intent.

26           To impute the definition of "addict" under 21 U.S.C. § 802
             to the phrase "addicted to" in 18 U.S.C. § 922(g)(3) would
27           render that phrase contradictory to the remainder of the
             provision. The definition of "addict" is limited only to an
28           "individual who habitually uses any narcotic
             drug." However, § 922(g)(3) extends to persons who use

"any controlled substance" and narcotic drugs are only a subset of controlled substances. Thus, if the definition of "addict" were imputed to the phrase "addicted to"-and, by implication, if "addicted to" were synonymous with "unlawful user of"-then § 922(g)(3) would be applicable only to users of narcotic drugs, despite the express language of the statute that extends more broadly. Instead, the phrase "addicted to" should be accorded its common, everyday meaning and should not be interpreted so as to restrict the apparent scope of criminal liability that Congress expressly intended.

*United States v. Grover*, 364 F.Supp. 1298, 1301 (D. Utah 2005).

There was also substantial evidence supporting Dugan's conviction and no error resulted from the use of the general verdict in finding defendant guilty of violating of § 856(a)(1). As the Supreme Court has observed, a jury's general verdict stands so long as there was factual evidence to support at least one of the grounds submitted to the jury, even where there is no assurance that the valid ground was in fact the basis for the jury's action. *Griffin v. United States*, 502 U.S. 46, 49 (1991). There are only two narrow exceptions to this rule, both of which result from "legal errors" that constitute a "mistake about the law" as opposed to those that "concern the weight or the factual import of the evidence." *Id.* at 56. Neither exception has any relevance to this case. In *Griffin*, the Supreme Court specifically held that failure to eliminate "from the jury's consideration an alternative basis that does not have adequate evidentiary support" does not provide an "independent basis for reversing an otherwise valid conviction." *Id.* at 60.

According to defendant, he could be found guilty under 21 U.S.C. § 856(a)(1) only if he established a place for the "manufacturing," "distributing" and "using" of a controlled substance. Motion # 436 p. 16-18. The jury was instructed to determine whether or not the defendant "knowingly maintained a place for the purpose of planting, growing, harvesting, or distributing marijuana." Jury Instructions, docket # 211 p. 22. Although the jury was only required to find defendant guilty of one of the charged activities, the evidence that he undertook all of them was overwhelming. *See Dugan*, 450 F. App'x. at 637; Order Regarding Defendant's Motion for New Trial, docket # 311 p. 5. The jury clearly could have found him guilty on one or all of the grounds provided.

1   Defendant concludes his argument about the failure to utilize a special verdict form

2   by claiming that he received ineffective assistance from both his trial and appellate counsel

3   since they failed to press his general verdict claims. *See* Motion, docket # 436 p. 13-15.

4   Defendant's claims fail to meet either of the *Strickland* prongs for ineffective assistance.

5   First, it was not objectively unreasonable for counsel not to raise this challenge given that it

6   had no merit: the jury clearly did not return an impermissible general verdict. Furthermore,

7   defendant's disagreement with his various defense counsel's tactical choices is not

8   enough to constitute ineffective assistance of counsel. *See Santos*, 741 F.2d at 1169.

9   Finally, defendant has not demonstrated a reasonable probability that his trial or appeal

10  would have had a different result had his counsel made a general verdict challenge.

11
### 7. Sentencing without counsel

12  Defendant in his § 2255 motion makes the following claim: "Sentencing with out

13  counsel over defendants Objection non-noticed hearing resulting in closed hearing and

14  sentencing with out presentence report." *See* Motion, docket # 436 pp. 20-21. Defendant

15  appears to be arguing that this Court erred when it declined to grant him yet another

16  continuance of his sentencing to obtain another attorney. This claim is both procedurally

17  barred (since it was not raised on direct appeal) and lacking in factual and legal support.

18  Dugan's request for a continuance wsas made on the day of sentencing and Dugan had

19  already had five post-trial lawyers, all of whom he discharged. Despite the maneuvering by

20  Dugan, the court tried to address defendant's concerns. The court stated: "Let me say that

21  I'm satisfied that Mr. Dugan has had an opportunity to digest the presentence report and to

22  explain his position. I've tried to give him as much time as he needed today to explain and

23  tell me what was on his mind and what his concerns were." Motion, docket #s. 313, 324 p.

24  64.  Defendant had over two months to prepare for sentencing from the point when he

25  began representing himself after firing his latest counsel.  Dugan's sentencing hearing was

26  open to the public despite his suggestion that it was not.  Dugan's claim based upon the

27  denial of his request for a continuance to consult with counsel is without merit.

28
### 8. "4th, 5th, 6th, 8th, 9th, 10th, amendment violations and the

1   **exclusionary rule"**

2        Defendant makes numerous arguments seeking to re-litigate various evidentiary

3   rulings, including (1) the legality of the search by the police of the residence which led to

4   evidence of his marijuana distribution and firearms offenses; and (2) the admissibility of

5   statements he made to police. *See* Motion, docket # 436 pp. 22-39. These arguments are

6   procedurally barred and have been exhaustively litigated and rejected.  No further

7   discussion is warranted.

8        Defendant also asserts generally that he received ineffective assistance from both

9   his trial and appellate counsel regarding the admissibility of much of the evidence.

10   Defendant's claims fail to meet either of the *Strickland* requirements for proving ineffective

11   assistance of counsel. First, defendant cannot credibly claim that his numerous attorneys

12   did not provide competent assistance in seeking to exclude the disputed evidence. This

13   evidence (including from the police search of his home and statements defendant made to

14   police) was exhaustively and repeatedly the subject of litigation before trial, during trial,

15   after trial, and on appeal. Defendant cannot meet his burden of showing that his counsels'

16   performance was in any way inadequate under *Strickland's* first prong.

17   Furthermore, defendant has not demonstrated a reasonable probability that his trial

18   or appeal would have had a different result had his counsel acted differently.

19   Defendant does not demonstrate that any alternative arguments would have led the trial

20   court or the Ninth Circuit to find that any of the disputed evidence inadmissible.

21                 **9.  "Perjury at trial"**

22        Dugan makes numerous claims related to alleged "perjury at trial." Motion, docket

23   # 436 pp. 40-54. The defendant's perjury allegations are factually groundless, substantively

24   meritless, and procedurally barred. Defendant's perjury allegations are similar (in their

25   substance, high number, and lack of factual support) to claims which this court considered

26   and rejected in its December 2008 Order denying defnedant a new trial. Order, docket #

27   311. In that Order, the court observed that:

28           Dugan has submitted a detailed summary of testimony
       he believes was contradictory and constituted perjury. He

accuses government counsel of misconduct and has orally blamed his attorneys for failing to pursue his perjury claims and asserts that they were ineffective. He questions the honesty of testimony concerning, among other things, comments made during the search of his residence, the reasons the officers came to his house, whether the alleged marijuana plants were in dirt, how the plants were counted and the time of his arrest. He also complains that there was mention of a conversation with his wife in light of an earlier stipulation not to do so. Dugan points out alleged inconsistencies in testimony and attributes them to perjury.The court finds no basis for a new trial based upon Dugan's allegations of perjury or ineffective assistance of counsel. The inconsistencies he alleges are based upon evidence available at trial and useable in cross-examination. There is no evidence that justifies a finding of perjury. Many of the alleged inconsistencies are not material to a critical issues in the case. . . . No inadequacy of counsel claims (*sic*) has been effectively raised. Further, inadequacy of counsel is more appropriately raised in a motion under 28 U.S.C. § 2255.

*See* Order Regarding Defendant's Motion for New Trial, docket # 311 p. 10-11.

Here in his § 2255 motion, defendant again presents "no evidence that justifies a finding of perjury."

### 10. "1st Amendment Religious Ground"

Dugan claims his attorney would not allow him to bring a Bible into court or reference its contents.  It is unclear exactly what Dugan's purported Constitutional claim is but the court assmes it is some sort of allegation that marijuana laws violate some purported religious belief.  The claim is without merit.

### 11. "Attorney invaded, trespased (*sic*) into appeal"

Dugan's apparently claims his attorney interfered with his appeal.  There is no basis for such a claim and it is denied.

### 12. "Appealet (*sic*) counsel failier (*sic*) ato (*sic*) rais (*sic*) search issue on proper grounds"

Dugan appears to be trying to repeat his illegal search claim by criticizing his appellate counsel for not presenting the trial transcript concerning the search.  There is no merit to such a claim and it is denied.

### 13. "ineffective counsel post conviction"

Dugan claims his post conviction counsel was ineffective and lists a number of ways

in which he was.  The grounds listed are repetitive and are not supported. The claim is denied.

### 14.  "Ineffective (*sic*) assistance of counsel"

Dugan claims that attorneys David Michael and Scott Furstman failed during pretrial proceedings to prepare effectively for trial and, therefore, plaintiff was denied his Sixth Amendment right to effective assistance of counsel.  Dugan does not support his claim by showing how the representation was lacking or explaining how he was prejudiced.  The claim is denied.

### 15.  "Prosecutor Misconduct"

Dugan claims prosecutor misconduct and lists vindictive prosecution, prosecution after prior jeopardy for the same action, witness tampering, trial delay for tactical reason, fraud on the court, and selective prosecution of a protected class.  These claims are procedurally barred, are repetitive of other claims in the petition or are unsupported and without merit.  Defendant's claims of prosecutor misconduct are denied.

### 16.  "Ineffective Assistance of Counsel for failing to raise objection regarding Jury Instruction and if necessary move for interlocutory appeal to insure the jury is presented with a complete understanding of th elements which must be proved"

Dugan asserts that counsel was ineffective for not objecting to the jury instructions. He does not set forth any specific instructions which he contends should have been given or errors contained in those that were given. Therefore, this claim fails.

### 17.  "Duplicate Charges"

Dugan claims that the charges against him were duplicative.  They were not because each charge required an element that another charge did not.  Further, the claim is procedurally barred as it should have been raised on appeal.  Dugan's claim of being subject to duplicious claims is denied.

### C.  Supplemental Papers

On April 8, 2013 Dugan filed a 77 page supplemental memorandum (dkt. # 447)

1    raising essentially repetitive claims.  On May 23, 2013 he filed a 212-page motion under

2    Fed. R. Crim. P. 60(b) (docket # 449) which he later re-characterized as a supplement to

3    his § 2255 motion (docket # 450). The Government was not asked to respond to the

4    supplements as it plainly appeared that they do not entitle Dugan to any relief.

5        Dugan's various supplemental papers are in large part repetitive of the allegations

6    made in his motion as filed on Febraury 11, 2013, procedurally barred, or totally without

7    support.  The court will briefly address two new claims that Dugan appears to raise.

8    **1.  Failure to Call Witnesses and Witness Intimidation**

9        Although not entirely clear, Dugan appears to complain that his trial counsel, Scott

10   Furstman, failed to call certain witnesses including his wife.  Supp. Memo, docket # 447 pp.

11   19-20; Rule 60(b) Motion, docket # 449 p. 20. This argument fails for one primary reason.

12   Dugan offers no evidence as to what any such witnesses could have offered that would

13   have benefitted his case.  Dugan appears to be most concerned about the failure to call his

14   wife.  It is not clear she would have testified as opposed to exercising her right to remain

15   silent or claiming the marital privilege. In any event, Attorney Furstman made a tactical

16   decision not to call her.  Given her presence in the residence and presumed knowledge

17   about the marijuana plants in the residence, it is hard to imagine how her testimony would

18   have benefitted Dugan. *See Downs v. Hoyt*, 232 F.2d 1031, 1041 (9th Cir. 2000) (Claim of

19   ineffective assistance of counsel based on counsel's failure to call particular witness did not

20   support relief where trial counsel indicated that he did not call witness because doing so

21   involved little benefit and great risk).

22       Dugan also claims that his wife was intimidated from being a witness by the court's

23   warning her that her testimony could be used against her if she were charged with an

24   offense arising out of her conduct.  The court did not intimidate her but rather insured that

25   she was aware of her rights and the possible adverse consequences of testifying.  The

26   question of whether she would voluntarily testify became moot, however, when Attorney

27   Furstman indicated he was not going to call her.

28       Dugan's claim based upon ineffective assistance of counsel for failure to call certain

1    witnesses is denied.

2    **2.  Judicial Bias**

3    Dugan asks the court to recuse itself from the case based upon judicial bias.  Supp.

4    Memo, docket # 447 p. 6.  Although it is difficult to determine what rulings or other actions

5    by the court persuade Dugan that the court is biased against and should be disqualified, his

6    motion is inadequate.  Whether he is proceeding under 28 U.S.C. §144 or 28 U.S.C. § 455,

7    the two federal statutes dealing with judicial recusal, the challenged judge may review the

8    legal sufficiency of the motion. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

9    Dugan's claims are not made by way of an affidavit which is required under § 144. Recusal

10    issues must be raised at the earliest possible time after the facts are discovered.  *First*

11    *Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler,* 210 F.3d 983, 837 (9th Cir.

12    2000). That was not done here.  Further, Dugan's request for recusal appears based upon

13    adverse rulings and conjecture which do not provide the requisite basis for recusal based

14    upon bias or prejudice. *Azhocar*, 581 F.2d at 739. The motion for recusal is denied.

15    **Denial of Motion Under § 2255 and Denial of Certificate of Appealability**

16    For the reasons stated, Dugan's motion for relief under 28 U.S.C. § 2255 is denied.

17    A certificate of appealability is also denied.  Movant has failed to make a substantial

18    showing that he was denied his constitutional rights or that a reasonable jurist would find

19    the denial of his claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484

20    (2000).  Consequently, no certificate of appealability is warranted in this case.

21

22    Dated: November 26, 2014

23

24    RONALD M. WHYTE

      United States District Judge

25

26

27

28